Boynton, J.
The allegation in the answer, that by tlio terms of the contract, the work was to be paid for by an assessment upon the abutting property-owners, does not bring the case witliin the rule of Welker v. The City of Toledo, 18 Ohio St. 452, or Creighton v. Toledo, Id. 447. In the first of these cases, the contract contained the express stipulation that if any of the lots should prove to be assessed beyond the maximum allowed by law, on the valuation, no recourse should be had upon the city for the excess; the contractor agreeing to take and collect the assessment at his own risk. In the second, the court say: “It is not claimed that the parties could not agree that the contractor should look exclusively to the assessment for his compensation. The question is, whether they did so agree.” The case turned on the construction of the contract. Here, the averment is that the work was to be paid for by assessments. There is a manifest difference between an agreement to accept a particular assessment in payment of a debt, and to accept payment of a debt in assessments. In the first named case, the assessment received pays'the debt; but in the second, the debt is paid oulyby a transfer of valid assessments sufficient in amount to extinguish it. It is not to be supposed, in the absence of more explicit language than was here used, that the parties intended the contractor to assume the risk of the validity or the invalidity of the assessments to be made by the city. On the contrary, it is much more reasonable to suppose that both parties contemplated a payment in assessments, not exceeding in amount the maximum sum which the city was authorized to levy upon the property to be charged; in other words, assessments the whole of which were valid. Section 543 of the municipal code provides, that the cost of the improvement, exceeding the limit of twenty-five per cent., otherwise chargeable on such lots or lands, shall be paid by the corporation, out of its general revenue. Here, provision is made to supply from the general fund any deficiency, which, but for the limit upon the power of assessment, -would be chargeable on the abutting property. The *245 parties are presumed to have liad knowledge of tliis provision. At all events, the city having agreed to pay a definite sum for the work, and the contractor not having agreed to receive the assessments in full payment, the fact stated in the answer constitutes no defense. If, as alleged, the work was to be paid for in assessments, it follows that the city is liable for the deficiency, the assessments not having supplied the necessary means to' pay the agreed sum. The case of Goodale v. Fennell, 27 Ohio St. 426, was not an action against the city, and the question here made was not there involved.
The next and only question remaining is, is the city bound by thejudgment rendered in the action between the contractor and the abutting owner, bronghtto recover the assessment, in which it was determined that the assessment made exceeded the twenty-five per cent limit? We. believe the rule to be this : where the contractor prosecutes the action to recover the assessment, in good faith, and without laches, and fails to recover the full amount of the assessment by reason of the fact that it exceeds the limit which the city had power to levy, the judgment is conclusive against the city, whether it has actual notice of the pendency of the action or not. If there is any fraud on the part of the contractor, or any collusion between him and the abutting owner, resulting in failure to subject the land to the payment of the assessments, to the extent of twenty-five per centum of its actual value after the improvement is completed, if that interest is necessary to pay the assessment, or, if through the contractor’s own carelessness or indifference, in prosecutiug the action to recover the assessment, a loss results which otherwise would not have occurred, the loss resulting from such fraud or carelessness must be borne by the contractor. But where.the action is prosecuted in good faith, the party prosecuting, availing himself of all the means which prudence and a proper regard for the rights of the city would employ, and a recovery is had to the extent of the abutting owner’s liability, but falling below the face of the assess *246 ment, the judgment in the action is conclusive against the city. This rule results from the nature of tlie transaction and from the obligations assumed by the parties. The city makes the assessment and determines its amount, without consulting the contractor; and if the same is not paid by the time required by the ordinance, an action to recover it, with a penalty for its non-payment, may be brought in the name of the city. Municipal Code, § 546. The action may be brought by the city itself, or if the assessment is assigned to the contractor, he may maintain the action in the name of the city. The fact that the right of action to collect the assessment in the city’s name, goes, with its transfer, to the assignee, the city well understands.
The judgment in the action, to recover the assessment, is conclusive in favor of the abutting debtor, and when paid, whatever relation its amount proportionately bears in fact to the value of the land, his liability ceases, and the lien is gone. The contract did not provide that the contractor should loose the difference, if any, between the amount of the assessment and the amount collected from the abutting owner; nor did it stipulate for notice to the city of the commencement of proceedings to recover the assessment. To compel the contractor, after having prosecuted the action to recover the assessment, in good faith,-to assume the risk of loss, by submitting the question of the value of the property assessed to another jury, in a controversy with the city, because the city had no notice of the former action, would be a requirement which the law does not make. We think the assignment of the assessment carries with it the implied undertaking or guaranty by the city, that the assessment does not exceed the sum with which the abutting property is chargeable, and in case it does, that the city is liable for such excess. And where the action, to recover the assessment, is prosecuted in the manner above indicated, the city is conclusively bound by the judgment, although it had no notice in fact of the pendency of the action.

Motion denied.